**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Zoe Wilson

-and-

Stefanie Wilson

Individually and on behalf of other members of the general public similarly situated,

Plaintiffs,

v.

Abbott Home Care Plus LLC
281 E. Main Street
Jackson, Ohio 45640

-and-

Abbott Home Care, Inc.
209 Marion Pike
Coal Grove, Ohio 45638

-and-

Paulette Klaiber
209 Marion Pike
Coal Grove, Ohio 45638

Defendants.

Civil Action No. 2:18-cv-743

JUDGE

MAGISTRATE JUDGE

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY DEMAND ENDORSED HEREON**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Now come Plaintiffs Zoe Wilson (referred to herein as "Class Plaintiff ZW" or "Plaintiff ZW") and Stefanie Wilson (referred to herein as "Class Plaintiff SW" or "Plaintiff SW") (collectively referred to herein as "Class Plaintiffs" or "Plaintiffs"), individually and on behalf of other members of the general public similarly situated, for their complaint against Abbott Home

Care, Inc. ("AHC"), Abbott Home Care Plus LLC ("AHC Plus"), and Paulette Klaiber ("Klaiber") (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.01, 4111.03, 4111.08, and 4111.10 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); the claims pursuant to O.R.C. 4111.01, 4111.03, 4111.08, 4111.10 and the OPPA are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others. Class Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants jointly employed the Class Plaintiffs and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II. PARTIES

4. All of the preceding paragraphs are realleged as if fully rewritten herein.

5. Class Plaintiff ZW is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

6. Plaintiff ZW has been jointly employed by all Defendants since approximately May of 2017 and is presently employed by Defendants as of the date of this filing. Plaintiff ZW has worked as a home health aide and is currently compensated at a regular hourly rate of $9.25 per hour.

7. Class Plaintiff SW is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

8. Plaintiff SW was jointly employed by all Defendants since approximately May of 2017 until her employment ended on or around January of 2018. Plaintiff SW worked as a home health aide and was compensated at a regular hourly rate of $9.00 per hour.

9. At all times relevant herein, Class Plaintiffs ZW and SW were employees of Defendants as defined in the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

10. The Class Plaintiffs were hourly, non-exempt employees of Defendants at all times relevant as defined in the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

11. The Class Plaintiffs bring this action on their own behalf and on behalf of those similarly situated and have given their written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The Class Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiffs*, attached hereto as **Exhibit A.**)

12. Defendants are and have at all relevant times been, jointly and individually, "employers" as that term is defined by the FLSA and the Ohio Acts.

13. Defendant AHC is a domestic corporation with its principal place of business in the Southern District of Ohio. Defendant AHC operates a home care staffing agency of direct care workers, including nurses, therapists, and home health aides, for individuals who are in need of in home assistance.[1] Defendant AHC's Registered Agent is Curtis B. Anderson, 211 Center Street, Ironton, Ohio, 45638.

14. Defendant AHC Plus is a domestic limited liability company with its principal place of business in Jackson County in the Southern District of Ohio. Defendant AHC Plus operates a home care staffing agency of direct care workers, including nurses, therapists, and home health aides, for individuals who are in need of in home assistance.[2] Defendant AHC Plus's Registered Agent is Curtis B. Anderson, 211 Center Street, Ironton, Ohio, 45638.

15. Upon information and belief, Defendant Klaiber is an individual, a United States Citizen, and a resident of the State of Ohio.

16. Upon information and belief, Defendant Paulette Klaiber is the Administrator and owner of AHC and AHC PLUS.

17. At all times relevant to this action, Defendants have been jointly engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

18. Upon information and belief, Defendants' joint employees were engaged in interstate commerce and Defendants had annual gross volume sales and/or business in an amount not less than $500,000.00.

---

[1] *See* http://abbotthomecare.com/about.html, last visited July 27, 2018.
[2] *See* http://abbotthomecare.com/passport-program.html, last visited July 27, 2018.

19. During relevant times, Defendants jointly suffered and permitted Class Plaintiffs and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates.

20. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

21. During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein.

22. Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

23. During relevant times, Defendant Klaiber, as owner and Administrator, has had operational control over significant aspects of the day-to-day functions of Defendants AHC and AHC PLUS, including the day-to-day functions of Plaintiffs.

24. During relevant times, Defendant Klaiber has had the authority to hire, fire and discipline employees, including Plaintiffs.

25. During relevant times, Defendant Klaiber has had the authority to set rates and methods of compensation of Plaintiffs.

26. During relevant times, Defendant Klaiber has had the authority to control the work schedule and employment conditions of Plaintiffs.

27. During relevant times, Defendant Klaiber has had ultimate authority and control of employment records.

28. During relevant times, Defendants have mutually benefitted from the work performed by Plaintiffs.

29. During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiffs.

30. During relevant times, Defendants shared the services of Plaintiffs.

31. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs.

32. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

33. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

## III. FACTUAL ALLEGATIONS

34. During her employment with Defendants, Class Plaintiff ZW worked as a home health aide. Class Plaintiff ZW primary duties were providing companionship services, domestic services, home care, and other in-home services.

35. Class Plaintiff ZW regularly worked more than 40 hours per week, but was not paid one and one-half times her regular rate of pay for those hours worked over 40.

36. During her employment with Defendants, Class Plaintiff SW worked as a home health aide. Class Plaintiff SW primary duties were providing companionship services, domestic services, home care, and other in-home services.

37. Class Plaintiff SW regularly worked more than 40 hours per week, but was not paid one and one-half times her regular rate of pay for those hours worked over 40.

38. After the law change and elimination of a previous exemption for home health aides effective January 1, 2015, Defendants have failed to comply and properly pay all overtime wages due to Class Plaintiffs and similarly situated employees. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

**a. Defendants failed to properly pay all overtime wages owed by issuing Plaintiffs and other similarly situated employees two (2) separate paychecks each pay period.**

39. Defendants did/do not pay their employees one and one-half times their regular hourly rate for all hours worked over 40 in a workweek because they pay their employees through two entities and distribute the hours worked between the entities.

40. Each pay period Class Plaintiffs and other similarly situated employees worked for Defendants, they received one check from Defendant AHC for some, but not all, hours worked for Defendants during the pay period. A true and accurate copy of Defendant AHC's payroll transaction detail for Plaintiff ZW for the period of January 2017 through December 2017 is attached hereto as **Exhibit B**.

41. Each pay period Class Plaintiffs and other similarly situated employees worked for Defendants, they received a separate check from Defendant AHC PLUS for some, but not all, hours worked for Defendants during the pay period. A true and accurate copy of Defendant AHC Plus's payroll transaction detail for Plaintiff ZW for the period of January 2017 through December 2017 is attached hereto as **Exhibit C.**

42. Defendants required Plaintiffs and other similarly situated employees to track their time on separate timesheets and to split their compensable hours worked between the two (2) timesheets[3].

43. Some of the hours Plaintiffs and other similarly situated employees worked for Defendants were recorded on one (1) timesheet and/or time tracking system and were later paid by Defendant AHC. *See* **Exhibit B.**

44. Additional hours Plaintiffs and other similarly situated employees worked for Defendants were recorded on another timesheet and were later paid by Defendant AHC PLUS. *See* **Exhibit C.**

45. Defendants failed to properly compensate Plaintiffs and other similarly situated employees for all overtime hours worked in excess of forty (40) per week by requiring Plaintiffs and other similarly situated employees to divide their total hours worked for Defendants into two (2) separate timesheets.

46. Defendants failed to account for the total number of compensable hours and overtime hours Plaintiffs and other similarly situated employees worked for Defendants when both of Defendants' timesheets are considered.

47. By paying Class Plaintiffs and other similarly situated employees with two (2) separate paychecks each pay period and by requiring multiple timesheets for work performed for Defendants, Defendants failed to compensate them for all hours worked in excess of forty (40) per week at one and one-half times Plaintiffs' and other similarly situated employees' regular rate of pay.

[3] However, Defendants did not permit Plaintiffs or other hourly employees to record all of their compensable travel time or pay them for all time spent traveling as discussed, *infra*.

**b. Defendants failed to pay Plaintiffs and similarly situated employees for travel time to and from worksites during their workdays resulting in unpaid overtime wages.**

48. Defendants also failed to compensate Plaintiffs and other similarly situated employees for travel time to and from worksites, as well as travel between worksites even though they regularly worked at more than one worksite each workday.

49. Plaintiffs and other similarly situated hourly employees frequently traveled throughout their workdays attending to multiple patients at different locations each workday, often traveling to different cities and/or counties throughout the same workday.

50. Defendants were aware of the daily travel, but they failed to compensate Plaintiffs and other similarly situated employees for all of their travel time.

51. Defendants would instead only compensate Plaintiffs and other similarly situated employees for some, but not all, of their travel time and only if such travel time exceeded certain minimum amounts of time spent traveling.

52. As a result of failing to compensate Plaintiffs and other similarly situated employees for all of their travel time without regard for whether travel time exceeded certain minimum amounts, Defendants failed to pay their employees overtime wages for all compensable hours worked.

**c. Defendants failed to pay Plaintiffs and similarly situated employees for all time spent completing paperwork and/or documentation for Defendants resulting in unpaid overtime wages.**

53. Defendants additionally failed to compensate Plaintiffs and other similarly situated employees for time spent reviewing and completing paperwork, testing materials, and/or documentation that Defendants frequently required Plaintiffs and other similarly situated employees to read and complete.

54. By way of example, Defendants frequently required Plaintiffs and other similarly situated employees to review training materials and answer written questions provided to them by Defendants about their job duties, patient safety, training, protocols, and similar work-related matters.

55. Defendants required Plaintiffs and other similarly situated employees to complete and/or review such paperwork while they were at home or while they were otherwise off-the-clock.

56. Despite Defendants' knowledge that Plaintiffs and other similarly situated employees were performing this work for Defendants, Defendants did not pay them for their compensable time spent performing these tasks.

57. Further, Defendants specifically instructed Plaintiffs and other similarly situated employees not to record their time spent performing all paperwork, training testing, and/or other documentation that Defendants required to be reviewed and/or completed, and it was Defendants' company policy that such work was unpaid.

58. As a result of failing to compensate Plaintiffs and other similarly situated employees for all compensable time spent completing paperwork and/or other documentation for Defendants, Defendants failed to pay their employees additional overtime wages for all compensable hours worked.

## IV. COLLECTIVE AND CLASS ALLEGATIONS

59. The Class Plaintiffs brings their FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former employees of Defendants who worked over 40 hours in any workweek beginning three years immediately

> preceding the filing of this Complaint through the date of final disposition of this case, and were not paid one and one-half times their regular rate of pay for all overtime hours worked because (i) Defendants divided their hours worked between two entities and paid them with two paychecks for the same pay periods; and/or (ii) Defendants failed to pay for all travel time; and/or (iii) Defendants failed to pay for all time spent completing paperwork and/or other documentation (the "216(b) Class" or the "216(b) Class Members").

60. Examples of employees that may be members of the 216(b) Class include, but may not be limited to, direct support professionals, support specialists, caregivers, home health aides, aides, licensed nurse practitioners, hourly registered nurses, and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendants.

61. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Class Plaintiffs, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendants' joint company-wide payroll policies and practices. The Class Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

62. The identity of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

63. The Class Plaintiffs bring their Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class:

> All current and former employees of Defendants who worked over 40 hours in any workweek beginning three years immediately preceding the filing of this Complaint through the date of final disposition of this case, and were not paid one and one-half times their regular rate of pay for all overtime hours worked because (i) Defendants divided their hours worked between two entities and paid them with two paychecks for the same pay periods; and/or (ii) Defendants failed to pay for all travel time; and/or (iii) Defendants failed to pay for all time spent completing paperwork and/or other documentation (the "Rule 23 Class" or the "Rule 23 Class Members").

64. The Rule 23 Class includes, but may not be limited to, direct support professionals, support specialists, caregivers, home health aides, aides, licensed nurse practitioners, hourly registered nurses, and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendants.

65. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

66. The Class Plaintiffs are members of the Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

67. The Class Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

68. The Class Plaintiffs have no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

69. The Class Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

70. Questions of law and fact are common to the Rule 23 Class.

71. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

72. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Rule 23 Class as a whole.

73. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

74. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants paid the Rule 23 Class overtime pay as required by the statute; (d) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the named Class Plaintiffs and other members of the Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

75. A class action is superior to individual actions for the fair and efficient adjudication of Class Plaintiffs' claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Class Plaintiffs and counsel are not aware of

any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. This claim is brought as part of a collective action by the Class Plaintiffs on behalf of themselves and the 216(b) Class.

78. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

79. During the three years preceding the filing of this Complaint, Defendants employed the Class Plaintiffs and/or the 216(b) Class Members.

80. The Class Plaintiffs and the 216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

81. The Class Plaintiffs and the 216(b) Class Members regularly worked in excess of 40 hours in a workweek.

82. Defendants jointly violated the FLSA with respect to Class Plaintiffs and the 216(b) Class by, *inter alia*, failing to compensate them at one and one-half times their regular rates of pay for hours worked over forty (40) hours in a workweek as a result of their FLSA-violating policies explained more fully above.

83. The Class Plaintiffs and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

84. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants were doubtlessly aware of the January 1, 2015 exemption elimination for third party employers, yet Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the 216(b) Collective Members are entitled.

85. Defendants knowingly, willfully, and jointly failed to pay the Class Plaintiffs and the 216(b) Class Members the overtime wages they were due.

86. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Class Plaintiffs and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

87. As a direct and proximate result of Defendants' joint conduct, the Class Plaintiffs and the 216(b) Class Members have suffered and continue to suffer damages. The Class Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the 216(b) Class Members.

**SECOND CAUSE OF ACTION:**
**R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

88. All of the preceding paragraphs are realleged as if fully rewritten herein.

89. This claim is brought under Ohio law.

90. The Class Plaintiffs and the Rule 23 Class Members have been jointly employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio law.

91. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

92. While jointly employed by Defendants, the Class Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for this time spent working.

93. As a result of Defendants' company-wide corporate policies, they failed to pay Plaintiffs and the Rule 23 Class Members overtime wages beginning in January 1, 2015 when the exemption was eliminated for third party employers, resulting in unpaid overtime.

94. Class Plaintiffs and the Rule 23 Class were not exempt from the wage protections of Ohio law.

95. Defendants' repeated, knowing and joint failure to pay overtime wages to the Class Plaintiffs were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Class Plaintiffs and the Rule 23 Class Members are entitled.

96. For Defendants' violations of R.C. §4111.03, the Class Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages. The Class Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

## THIRD CAUSE OF ACTION:
## R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

97. All of the preceding paragraphs are realleged as if fully rewritten herein.

98. The Class Plaintiffs and the Rule 23 Class Members have been jointly employed by Defendants.

99. During relevant times, Defendants were entities covered by the OPPA and the Class Plaintiffs and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

100. The OPPA requires that the Defendants jointly pay Class Plaintiffs and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

101. During relevant times, Class Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

102. The Class Plaintiffs' and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

103. In violating the OPPA, Defendants acted willfully, jointly, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION: RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

104. All of the preceding paragraphs are realleged as if fully rewritten herein.

105. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

106. During times material to this complaint, Defendants were covered employers, and jointly and severally required to comply with the Ohio Wage Act's mandates.

107. Class Plaintiffs and the Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

108. During times material to this complaint, Defendants jointly violated the Ohio Wage Act with respect to Class Plaintiffs and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Class Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

109. In violating the Ohio Wage Act, Defendants jointly acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request judgment against Defendants, jointly and severally, and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio law;

D. Finding that Defendants have failed to keep accurate records in accordance with the FLSA and Ohio law, Class Plaintiffs, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to the Class Plaintiffs and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to the Class Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Class Plaintiffs, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Class Plaintiffs, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of Ohio Law;

J. Granting the Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendants, jointly and severally, for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*

Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone: 614-949-1181
Facsimile: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Peter Contreras*
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Class Plaintiffs and those similarly situated*

**JURY DEMAND**

Class Plaintiffs request a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman