UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ZOE WILSON, et al., | ) CASE NO.: 2:18-CV-743 |
| | ) |
| Plaintiffs, | ) JUDGE: GEORGE C. SMITH |
| | ) |
| vs. | ) **ANSWER OF DEFENDANTS ABBOTT** |
| | ) **HOME CARE PLUS, LLC, ABBOTT** |
| ABBOTT HOME CARE PLUS LLC, et al., | ) **HOME CARE, INC., AND PAULETTE** |
| | ) **KLAIBER** |
| | ) |
| Defendants | ) |

Now comes Defendants Abbott Home Care Plus LLC, Abbott Home Care, Inc. and Paulette Klaiber, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for their answer to the Plaintiffs' Collective Action and Class Action Complaint (hereinafter "Complaint") states as follows:

1. As to Paragraph 1 of the Complaint, Defendants admit the existence of the statutes referenced in Paragraph 1 of Plaintiffs' Complaint, but deny that they have engaged in any conduct that would subject them to liability.

2. As to Paragraph 2 of the Complaint, Defendants deny that they have engaged in any unlawful employment practices and/or other actions that would subject them to liability in the Southern District of Ohio, or any District Court, but admit that to the extent that Plaintiffs do have a claim against Defendants, the Southern District of Ohio does have jurisdiction.

3. As to Paragraph 3 of the Complaint, Defendants deny that they have engaged in any unlawful employment practices and/or other actions that would subject them to liability in the Southern District of Ohio, or any District Court, but admit that to the extent that Plaintiffs do have a claim against Defendants, that the Southern District of Ohio is the proper venue.

4. Defendants state that Paragraph 4 of the Complaint does not require a response, and incorporates all admissions and denials of the preceding paragraphs as if fully rewritten herein.

5. As to Paragraph 5 of the Complaint, upon information and belief, Defendants admit the allegations contained therein.

6. As to Paragraph 6 of the Complaint, Defendants admit that Plaintiff ZW has been employed since May of 2017 to present by Defendant Abbott Home Care Plus, LLC and Abbott Home Care, Inc. Defendants further admit that Plaintiff ZW works as a home health aide and is currently compensated at a regular hourly rate of $9.25 an hour. Defendants deny all other allegations contained in Paragraph 6.

7. As to Paragraph 7 of the Complaint, upon information and belief, Defendants admit the allegations contained therein.

8. As to Paragraph 8 of the Complaint, Defendants admit that Plaintiff SW was employed by Defendant Abbott Home Care Plus, LLC and Abbott Home Care, Inc. from approximately May 2017 until she voluntarily resigned in January 2018. Defendants further admit that Plaintiff SW worked as a home health aide and was compensated at a regular hourly rate of $9.00 an hour.

9. As to Paragraph 9 of the Complaint, Defendants admit that Plaintiffs ZW and SW were employees of Defendants Abbott Home Care Plus, LLC and Abbott Home Care, Inc. Defendants deny the remaining allegations contained within Paragraph 9.

10. As to Paragraph 10 of the Complaint, Defendants admit that Plaintiffs ZW and SW were employees of Defendants Abbott Home Care Plus, LLC and Abbott Home Care, Inc. Defendants deny the remaining allegations contained within Paragraph 10.

11. As to Paragraph 11 of the Complaint, Defendants admit the existence of the statute referenced in Paragraph 11 and that Plaintiffs purport to bring an action on behalf of themselves and others similarly situated, but Defendants specifically deny that they have engaged in any conduct that would subject them to liability.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained within Paragraph 12.

13. As to Paragraph 13 of the Complaint, Defendants admit that Defendant Abbott Home Care, Inc. is a domestic corporation with its principal place of business in the Southern District of Ohio. Defendants further admit that Defendant Abbott Home Care, Inc. operates a home care agency of direct care workers, including nurses, therapists, and home health aides, for individuals who are in need of home assistance. Defendants further admit that Defendant Abbott Home Care, Inc.'s Registered Agent is Curtis B. Anderson, 211 Center Street, Ironton, Ohio 45638. Defendants deny all remaining allegations contained within Paragraph 13.

14. As to Paragraph 14 of the Complaint, Defendants admit that Defendant Abbott Home Care Plus, LLC is a limited liability corporation with its principal place of business in the Southern District of Ohio. Defendants further admit that Defendant Abbott Home Care Plus, LLC operates a home care agency of home health aides for individuals who are in need of home assistance. Defendants further admit that Defendant Abbott Home Care, Plus, LLC's Registered Agent is Curtis B. Anderson, 211 Center Street, Ironton, Ohio 45638. Defendants deny all remaining allegations contained within Paragraph 14.

15. Defendants admit the allegations contained within Paragraph 15.

16. As to Paragraph 16 of the Complaint, Defendants admit that Defendant Klaiber is an owner of Defendant Abbott Home Care, Inc. and Defendant Abbott Home Care Plus, LLC. Defendants deny all remaining allegations contained within Paragraph 16.

17. Paragraph 17 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained within Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained within Paragraph 21 of the Complaint.

22. As to Paragraph 22 of the Complaint, Defendants admit that they are in possession and control of documents related to this lawsuit. Plaintiffs deny the remaining allegations contained within Paragraph 22.

23. Paragraph 23 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained within Paragraph 33 of the Complaint.

34. As to Paragraph 34 of the Complaint, Defendants admit that Plaintiff ZW worked as a home health aide and that her primary duties were proving personal care services, domestic services, home care, and other in-home services. Defendants deny the remaining allegations contained within Paragraph 34.

35. Defendants deny the allegations contained within Paragraph 35 of the Complaint.

36. As to Paragraph 36 of the Complaint, Defendants admit that Plaintiff SW worked as a home health aide and that her primary duties were proving personal care services, domestic services, home care, and other in-home services. Defendants deny the remaining allegations contained within Paragraph 36.

37. Defendants deny the allegations contained within Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained within Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained within Paragraph 39 of the Complaint.

40. As to Paragraph 40 of the Complaint, Defendants admit that Plaintiffs ZW and SW received paychecks from Defendant Abbott Home Care, Inc. Defendants deny the remaining allegations contained within Paragraph 40.

41. As to Paragraph 41 of the Complaint, Defendants admit that Plaintiffs ZW and SW received paychecks from Defendant Abbott Home Care Plus, LLC. Defendants deny the remaining allegations contained within Paragraph 41.

42. Defendants deny the allegations contained within Paragraph 42 of the Complaint, and deny the allegations within Paragraph 42's accompanying footnote.

43. Defendants deny the allegations contained within Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained within Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained within Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained within Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained within Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained within Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained within Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained within Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained within Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained within Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained within Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained within Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained within Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained within Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained within Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained within Paragraph 58 of the Complaint.

59. Defendants admit the existence of the statute referenced in Paragraph 59 of the Complaint, but deny that they have engaged in any conduct which would subject them to liability with regard to the Plaintiffs or the putative class members.

60. Paragraph 60 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants admit the existence of the statute referenced in Paragraph 63 of the Complaint, but deny that they have engaged in any conduct which would subject them to liability with regard to the Plaintiffs or the putative class members.

64. Paragraph 64 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants incorporate its responses to Paragraphs 1 through 75 as if fully set forth herein.

77. As to Paragraph 77 of the Complaint, Defendants admits that Plaintiffs purport to bring this action as part of a collective action, but deny they have engaged in any conduct subjecting them to liability.

78. Paragraph 78 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants incorporate its responses to Paragraphs 1 through 87 as if fully set forth herein.

89. As to Paragraph 89 of the Complaint, Defendants admit that Plaintiffs purport to bring this action under Ohio law, but Defendants deny that they have engaged in any conduct subjecting them to liability.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants incorporate its responses to Paragraphs 1 through 96 as if fully set forth herein.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Paragraph 100 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants incorporate its responses to Paragraphs 1 through 103 as if fully set forth herein.

105. Paragraph 105 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106. Paragraph 106 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Paragraph 107 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. Defendants deny all allegations contained in Plaintiffs' prayer for relief and specifically deny that Plaintiffs are entitled to any recovery.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

111. This answering Defendant re-alleges all of the admissions and denials in Paragraph 1 through 110 as if fully rewritten herein.

### SECOND DEFENSE

112. Some or all of Plaintiffs' claims fail to state a claim upon which relief can be granted against any or all Defendants.

**THIRD DEFENSE**

113. Plaintiffs' alleged losses were the result solely of their own acts or omissions.

**FOURTH DEFENSE**

114. Liquidated damages are not available to Plaintiffs.

**FIFTH DEFENSE**

115. At all times material hereto, Defendants acted in good faith.

**SIXTH DEFENSE**

116. Some or all of Plaintiffs' alleged claims/damages are or may be barred by the applicable statute of limitations.

**SEVENTH DEFENSE**

117. Defendants are absolutely immune from Plaintiffs' claims pursuant to 29 U.S.C. §259(a).

**EIGHTH DEFENSE**

118. Defendants did not engage in a willful violation of the law.

**NINTH DEFENSE**

119. Defendants acted in good faith and had reasonable grounds for believing they were in compliance with the Fair Labor Standards Act and Plaintiffs are therefore not entitled to liquidated damages as set forth in 29 U.S.C. §260.

**TENTH DEFENSE**

120. Plaintiffs' claimed damages, if any, are subject to setoff.

**ELEVENTH DEFENSE**

121. Plaintiffs did not work the time that they allege.

**TWELFTH DEFENSE**

122. The time that Plaintiffs worked is de minimis.

**THIRTEENTH DEFENSE**

123. Plaintiff failed to accurately report their actual time working and/or traveling.

**FOURTEENTH DEFENSE**

124. Plaintiffs' claims are barred by the doctrine of unclean hands.

**FIFTEENTH DEFENSE**

125. Plaintiffs were properly compensated for all compensable time worked and/or traveled.

**SIXTEENTH DEFENSE**

127. Plaintiffs have timely received all payments for wages due and owing.

**SEVENTEENTH DEFENSE**

128. Defendants was never aware nor should have known of the hours Plaintiffs allege were worked beyond forty (40) hours a week.

**EIGHTEENTH DEFENSE**

129. Plaintiffs have failed to mitigate their claimed damages, if any.

**NINETEENTH DEFENSE**

130. The proposed class of Plaintiffs is inappropriate because individual questions predominate over common questions of law and fact.

**TWENTIETH DEFENSE**

131. The proposed class of Plaintiffs is inappropriate because this purported class action is not superior to all other available methods for the fair and efficient adjudication of the controversy.

### TWENTY-FIRST DEFENSE

132. The proposed class of Plaintiffs is inappropriate because Plaintiffs are not proper or adequate class representatives.

### TWENTY-SECOND DEFENSE

133. Plaintiffs are estopped from asserting that they are owed additional monies.

### TWENTY-THIRD DEFENSE

134. Some or all of Plaintiffs' claims are barred by the doctrine of latches and/or waiver.

### TWENTY-FOURTH DEFENSE

135. Plaintiffs have no right to a jury trial on some or all of their claims.

### TWENTY-FIFTH DEFENSE

136. Plaintiffs are entitled to offset monies or other consideration paid or provided to Plaintiffs by Defendants for periods in which Plaintiffs were not entitled to payments.

### TWENTY-SIXTH DEFENSE

137. Some or all of Plaintiffs are exempt from federal and state overtime laws.

### TWENTY-SEVENTH DEFENSE

138. This action is barred to the extent that Plaintiffs seek recovery for time that is not compensable time, ie. "hours worked" under federal and/or state wage laws.

### TWENTY-EIGHTH DEFENSE

139. Defendants reserve the right to assert additional defenses as discovery occurs and this case progresses, including additional defenses if this a class is conditionally certified.

WHEREFORE, having fully answered, Defendants pray that Plaintiffs' Complaint be dismissed, and that they go hence without cost or delay.

                                            Respectfully submitted,

                                            MAZANEC, RASKIN & RYDER CO., L.P.A.

                                            *s/Stacy V. Pollock*
                                            STACY V. POLLOCK  (0080229)
                                            175 South Third Street
                                            Suite 1000
                                            Columbus, OH  43215
                                            (614) 228-5931
                                            (614) 228-5934 – Fax
                                            Email: spollock@mrrlaw.com

                                            *Counsel for Defendants Abbott Home Care Plus*
                                            *LLC, Abbott Home Care, Inc. and Paulette Klaiber*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2018, a copy of the foregoing Answer of Defendants Abbott Home Care Plus, LLC, Abbott Home Care, Inc., and Paulette Klaiber was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                            *s/Stacy V. Pollock*
                                            STACY V. POLLOCK  (0080229)

                                            *Counsel for Defendants Abbott Home Care Plus*
                                            *LLC, Abbott Home Care, Inc. and Paulette Klaiber*