# EXHIBIT A

## **SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release ("Agreement") is entered into by and between Plaintiffs Zoe Wilson and Stefanie Wilson (the "Representative Plaintiffs") on behalf of themselves and all opt-in Plaintiffs (hereinafter collectively the "Plaintiffs"), Abbott Home Care Plus, LLC, Abbott Home Care, Inc., and Paulette Klaiber (hereinafter collectively the "Company") (collectively the Plaintiffs and the Company shall be referred to as the "Parties").

WHEREAS, Zoe Wilson and Stefanie Wilson were the Representative Plaintiffs in a civil action in the United States District Court, Southern District of Ohio, being Case No. 2:18-cv-00743 (the "Action"); and

WHEREAS, the Company has denied and continue to deny any and all CLAIMS contained in the above-referenced matter; and

WHEREAS, the Parties including the fourteen (14) opt-in Plaintiffs who joined the Action by opting into the same, now desire to reach a complete and final settlement. This final settlement includes a settlement of differences that may exist between the circumstances of each Plaintiff; and

WHEREAS, the opt-in Plaintiffs each provided written acknowledgements that they each understand and agree to be bound by the Judgment of the Court on all issues in this case, whether favorable or unfavorable including the fairness of the settlement, which was filed with this Court at ECF Nos. 21-24 and 25-32;

WHEREAS, the effectiveness of this Agreement is subject to approval by the United States District Court for the Southern District of Ohio;

WHEREAS, the Parties agree to cooperate and take all reasonable steps necessary to obtain final approval of this settlement, effectuate its terms, and cause the Action to be dismissed with prejudice;

NOW, THEREFORE, in consideration of the mutual promises and valuable consideration described below, the Parties agree as follows:

1. **Definitions.** As used in this Settlement Agreement and General Release (hereinafter "Agreement"), these words shall have the following meanings:

    a. RELEASEES means Abbott Home Care Plus, LLC, Abbott Home Care, Inc., and Paulette Klaiber, and all owners, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, and parents, divisions, subsidiaries, and affiliates (and agents, directors, officers, employees, representatives, and attorneys of such divisions, subsidiaries, and affiliates), and all persons acting by, through, under, or in concert with any of them. RELEASEES also include Paulette Klaiber in her individual capacity.

    b. CLAIM or CLAIMS means any and all complaints, lawsuits (including without limitation, Case No. 2:18-cv-00743), claims, liabilities, obligations, promises, agreements, grievances, controversies, damages, actions, causes of action, rights, demands, losses, debts, and expenses (including court costs and attorney's fees actually incurred).

    c. Plaintiffs includes all representative and opt-in Plaintiffs.

2. **Consideration.** RELEASEES shall pay a total of Thirty Five Thousand Three Hundred Two Dollars and 47/100 ($35,302.47) which includes all individual payments to Plaintiffs, service payments to the two (2) Representative Plaintiffs, and all Plaintiffs' attorney's fees and costs. The total settlement amount shall be paid as follows:

    a. The individual payments to Plaintiffs for all damages alleged in the Action as provided in the attached **Exhibit 1**. The Individual Payments were calculated by Plaintiffs' Counsel and approved by the Company, and are based proportionally on Representative and Opt-In Plaintiffs' alleged overtime damages during the Calculation Period.

    One-half the Individual Payments to the Plaintiffs will be treated as payment for wages, and the remainder as payment for statutory damages. The Company will report to the IRS and issue to each Plaintiff an IRS Form W-2 for all amounts paid as wages under this Settlement, and will issue an IRS Form 1099-Misc. to each Group Member for the amount paid as statutory damages under this Settlement.

    The Company will determine the proper tax withholding amounts on the W-2 payments in accordance with each Plaintiff's previously elected wage withholding instructions, and the Company is responsible for payment of the employer's share of payroll taxes as required by law. No withholdings or deductions shall be made on the one-half of the payments being treated and paid as statutory damages. Plaintiffs agree to pay all taxes, if any, which may be deemed owing on any 1099 payments under this Settlement. Plaintiffs agree to accept the tax consequences of any IRS classifications of these settlement proceeds.

    b. Eight Thousand ($8,000) of the total settlement amount shall be paid to the two (2) Representative Plaintiffs ($4,000 to each Representative Plaintiff) as Service Payments in addition to any individual payment to be made to such Representative Plaintiffs as provided on **Exhibit 1**. No withholdings or deductions shall be made on the Service Payments and Representative Plaintiffs agree to pay all taxes, if any, which may be deemed owing on such payments. Plaintiffs agree to accept the tax consequences of any IRS classifications of these settlement proceeds.

    c. Twenty Thousand ($20,000) of the total settlement amount shall be paid by separate check payable to Plaintiffs' counsel, Contreras Law, LLC, pursuant to a W-9 for attorneys' fees and expenses incurred in the Action. No withholdings or deductions shall be made on such payment.

    d. All of the foregoing payments shall be divided in half and then paid in two (2) equal installments as follows:

        i. (1) the first payments to be made by November 20, 2019, or within ten (10) days of Court approval of the Settlement, whichever is later; and

        ii. (2) the second / final payments shall be made by January 20, 2020, or within ten (10) days of Court approval of the Settlement, whichever is later. In the event Court approval of the Settlement occurs after January 20, 2020, the entire settlement amount shall therefore be due and payable within ten (10) days of Court approval.

3. **Costs.** Each party shall bear all of the fees, costs, and expenses incurred by his, her or its own attorneys or advisors in connection with the action or this Agreement and the settlement it represents, except as otherwise provided in this agreement.

4. **General Release.** In exchange for receipt of the above-referenced payments, and as a material inducement to RELEASEES to enter into this Agreement, as against RELEASEES, Plaintiffs, on behalf of themselves and all opt-in Plaintiffs, do hereby irrevocably and unconditionally release, discharge, compromise and settle any and all CLAIMS, demands, rights of action or obligation (including all attorneys' fees and costs actually incurred), matured or unmatured, of whatever nature and whether or not presently known that exist as of the execution date of this Agreement, including any CLAIMS made in this Case No. 2:18-cv-00743 and any other CLAIMS arising out of or relating to Plaintiffs' employment with any of the RELEASEES, under any federal, state or local law, common law, or statute, and further including but not limited to any and all CLAIMS which were or could have been alleged by Plaintiffs in the action or CLAIMS arising under and federal, state or common law, including Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, Ohio's anti-discrimination laws, Ohio common law, or otherwise, and any breach of contract claim.

<u>Pursuant to the terms of the Older Worker's Benefit Protection Act, 29 U.S.C. §626, Plaintiffs</u> acknowledge that they have been advised, in writing, through this Release and Settlement Agreement that they may consult with an attorney, and they did so, prior to executing this Settlement Agreement, and that they were given a period of twenty-one (21) days within which to consider signing this Agreement.

<u>Plaintiff's also understand that for a period of seven (7) days following the execution of this Agreement, they may revoke it in writing, and that such revocation shall only be effective upon delivery to Stacy V.</u> Pollock, Esq. Mazanec, Raskin & Ryder Co., L.P.A., 175 S. Third Street, Suite 1000, Columbus, Ohio 43215.

5. **No Admission of Liability.** Plaintiffs acknowledge and agree that this Agreement is a compromise of a disputed CLAIM, and any actions taken in connection with it do not constitute, and should not be understood as constituting, an acknowledgement, evidence, or an admission of liability or violation of any law or statute, the common law, or any agreement which exists or which allegedly may exist by and between Plaintiffs and the Company. The Company expressly denies and disclaims any liability to Plaintiffs and by entering into this Agreement intend merely to avoid further litigation.

6. **Confidentiality.** Representative Plaintiffs agree that the existence and terms of this Agreement, as well as all discussions concerning this Agreement, are confidential. Accordingly, they shall not disclose the Agreement's existence or its terms or any related discussions to any other person or entity, except that they may disclose the amount to their attorney, spouse, financial advisor and as otherwise required and compelled by law. In such events, they shall instruct those individuals that the information is confidential and shall not be disclosed to any other person or entity. If anyone asks Plaintiffs about the status of the Action with the Company, they shall respond solely by stating that the matter has been resolved. The settlement agreement and related documents seeking approval of the settlement will be filed with the Court and the parties will not seek to have the same sealed, however Representative Plaintiffs' confidentiality obligations remain notwithstanding. Defendant(s) has the right to seek actual damages as determined by a court of competent jurisdiction without voiding the remaining terms of this Agreement.

7. The Parties acknowledge that this settlement is contingent upon Court approval of the settlement. The settlement will be voided in the event that the Court does not approve the settlement.

8. **Agreement Binding.** This Agreement is binding upon Plaintiffs and their heirs, administrators, representatives, executors, and assigns and shall inure to the benefit of the Company and to its heirs, administrators, representatives, executors, successors, and assigns.

9. **Entire Agreement.** This Agreement sets forth the entire agreement by and between the Parties and supersedes any and all prior agreements and understandings, whether written or oral between them. This Agreement shall not be modified except by written agreement duly executed by or on behalf of each of the parties hereto. This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio. If any part of this Agreement shall be deemed invalid or unenforceable, all remaining parts shall remain binding and in full force and effect.

10. **No Waiver.** The failure of the Parties to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

11.	**Rules of Construction.** No rules of construction against the drafter of this Agreement shall apply in any future proceeding related to the interpretation, enforcement or satisfaction of this Agreement or for any other purpose related to this Agreement.

12.	**Miscellaneous.** Plaintiffs acknowledge that they are fully able and competent to enter into this Agreement, that they have read this Agreement in its entirety, that they have had an opportunity to review it with their attorney, and that their agreement to all of its provisions is made freely, voluntarily, and with full and complete knowledge and understanding of its contents. Plaintiffs also acknowledge and agree that, in signing this Agreement, they have not relied upon any representations made by the Company with regard to the subject matter, basis, or tax consequences—including the character or treatment of the settlement payment hereunder, or effect of this Agreement or otherwise, other than the obligations of the parties set forth in this Agreement.

ZOE WILSON

Date: 11/1/19

STEFANIE WILSON

Date: 11/1/19

ABBOTT HOME CARE PLUS, LLC

By: _____

Title: _____

Date: _____

ABBOTT HOME CARE, INC.

By: _____

Title: _____

Date: _____

PAULETTE KLAIBER, individually

Date: _____

11. **Rules of Construction.** No rules of construction against the drafter of this Agreement shall apply in any future proceeding related to the interpretation, enforcement or satisfaction of this Agreement or for any other purpose related to this Agreement.

12. **Miscellaneous.** Plaintiffs acknowledge that they are fully able and competent to enter into this Agreement, that they have read this Agreement in its entirety, that they have had an opportunity to review it with their attorney, and that their agreement to all of its provisions is made freely, voluntarily, and with full and complete knowledge and understanding of its contents. Plaintiffs also acknowledge and agree that, in signing this Agreement, they have not relied upon any representations made by the Company with regard to the subject matter, basis, or tax consequences—including the character or treatment of the settlement payment hereunder, or effect of this Agreement or otherwise, other than the obligations of the parties set forth in this Agreement.

_____
**ZOE WILSON**

Date: _____


_____
**STEFANIE WILSON**

Date: _____

**ABBOTT HOME CARE PLUS, LLC**

By: _Linda D. Myers_

Title: _Co-Owner_

Date: _11/5/19_


**ABBOTT HOME CARE, INC.**

By: _Anna Malone_

Title: _Co-Owner_

Date: _11/5/19_

_[signature]_
**PAULETTE KLAIBER, individually**

Date: _11/4/19_

Page **5** of **5**

# EXHIBIT 1

## Exhibit 1 - Individual Payments

| Name | Total Payment[1] |
|---|---|
| 1. Zoe Wilson | $979.13 |
| 2. Cheryl Absher | $522.45 |
| 3. Dakota Shears | $55.29 |
| 4. Jessica Coleman | $253.77 |
| 5. Lorenda Tolliver | $186.59 |
| 6. Melissa Shepard | $102.42 |
| 7. Mildred Hammond | $763.77 |
| 8. Opal Koster | $789.07 |
| 9. Patricia Hossain | $223.91 |
| 10. Rachel Osborne | $55.29 |
| 11. Rosemary Jones | $2,161.93 |
| 12. Stefani Wilson | $528.30 |
| 13. Bobbie Ratliff | $55.29 |
| 14. Emileigh Dunn | $166.94 |
| 15. Jeanette Roe | $403.03 |
| 16. Kim Bryant | $55.29 |

---

[1] Total Payments will each be split evenly between W-2 and 1099 payments.